UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| QUADRANT INFORMATION SERVICES, LLC, | Case No: C 11-6648 SBA |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| vs. | Dkt. 11, 22 |
| LEXISNEXIS RISK SOLUTIONS, INC., | |
| Defendant. | |

Plaintiff Quadrant Information Services, LLC ("Quadrant") brings the instant action against LexisNexis Risk Solutions, Inc. ("LexisNexis") alleging violations of California's Unfair Competition Law ("UCL"), Cal. Bus. and Prof. Code § 17200, et seq. The parties are presently before the Court on LexisNexis' Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 11. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion with partial leave to amend. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.      **BACKGROUND**

Defendant LexisNexis owns and markets a web-based service known as InsurView®, which provides data, "sourced from the Insurance Data Services aggregated underwriting transaction results," for the insurance industry. Compl. ¶ 8, Dkt. 1. InsurView® allegedly allows insurers to understand the "best proxy for industry quotes available in the marketplace." Id. Plaintiff Quadrant is a software company which offers competing products, also aimed at the insurance industry. Id. ¶ 9.

On December 27, 2011, Quadrant filed the instant action in this Court against LexisNexis. The Complaint alleges two claims for relief under the UCL, both of which are

predicated upon violations of other statutes and regulations.  In its first claim, Quadrant alleges that InsurView® is "sourced" from consumer reports, ostensibly in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681u.  Id. ¶ 10.  As relief, Quadrant seeks an injunction "prohibiting and enjoining the disclosure to and resale by LexisNexis of consumer reports and all information in them in connection with InsurView®."  Compl. ¶ 22.

Quadrant's second claim is based on purported violations of:  the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801-6809; the California Insurance Information and Privacy Protection Act ("CIIPPA"), Cal. Ins. Code §§ 791-791.28; and the California Insurance Commissioner's privacy regulations, 10 C.C.R. §§ 2689.1-2689.24.  Id. ¶ 26. Quadrant alleges that these statutes and regulations prohibit the use of information gathered for one transaction for use in other transactions, without notice to the affected consumer. Id.  The Complaint, however, does not specify which particular statutory or regulatory provision applies to LexisNexis' alleged conduct.

LexisNexis now moves to dismiss both claims of the Complaint.  As to Quadrant's first claim, LexisNexis contends that because Quadrant is seeking only injunctive relief, the FCRA preempts its claim under the UCL.  With respect to Quadrant's second claim, LexisNexis contends that the facts alleged are insufficient to establish a violation of the GLBA, CIIPPA and/or California's privacy regulations.  The matter has been fully briefed and is ripe for adjudication.[1]

## II.   LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint present a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

---

[1] Quadrant's opposition exceeds the fifteen-page limit applicable to noticed motions (other than motions for summary judgment).  See Dkt. 10 at 5.  Though the Court could strike Quadrant's non-compliant brief, the Court, in the interest of expediting this matter, will consider Quadrant's opposition on the merits.  Quadrant is warned that further violations of any Court order may result in the imposition of sanctions, up to and including dismissal of the action.  See Fed. R. Civ. P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  LexisNexis' stipulated motion for an extension of time to file its reply is granted.  Dkt. 22.

1   R. Civ. P. 8(a)(2).  A complaint may thus be dismissed under Rule 12(b)(6) for failure to

2   state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged

3   sufficient facts to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901

4   F.2d 696, 699 (9th Cir. 1990).  In deciding a Rule 12(b)(6) motion, courts generally

5   "consider only allegations contained in the pleadings, exhibits attached to the complaint,

6   and matters properly subject to judicial notice."  Swartz v. KPMG LLP, 476 F.3d 756, 763

7   (9th Cir. 2007).  The court is to "accept all factual allegations in the complaint as true and

8   construe the pleadings in the light most favorable to the nonmoving party."  Outdoor Media

9   Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  In addition, a

10  pleading filed by a pro se plaintiff must be liberally construed.  Balistreri, 901 F.2d at 699.

11      "[T]he tenet that a court must accept as true all of the allegations contained in a

12  complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a

13  cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v.

14  Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009).  To survive a motion to dismiss for

15  failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that

16  is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The

17  allegations must "give the defendant fair notice of what the … claim is and the grounds

18  upon which it rests."  Id. at 555.  Where a complaint or claim is dismissed, leave to amend

19  generally is granted, unless further amendment would be futile.  Chaset v. Fleer/Skybox

20  Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

21  III.   **DISCUSSION**

22      A.   **FIRST CLAIM FOR RELIEF**

23      The UCL makes actionable any "unlawful, unfair or fraudulent business act or

24  practice."  Cal. Bus. & Prof. Code § 17200.  "Each prong of the UCL is a separate and

25  distinct theory of liability."  Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009).

26  With respect to the unlawful prong, "[t]he UCL borrows violations of other laws and treats

27  them as unlawful practices that the unfair competition law makes independently

28  actionable."  Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012) (internal

quotations and citation omitted).  "Virtually any law—federal, state or local—can serve as a predicate for an action under Business and Professions Code section 17200."  Durell v. Sharp Healthcare, 183 Cal.App.4th 1350, 1361 (2010) (internal quotations and citations omitted).  "While the scope of conduct covered by the UCL is broad, its remedies are limited."  Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1144 (2003). "Prevailing plaintiffs are generally limited to injunctive relief and restitution," and "may not receive damages … or attorney fees."  Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 179 (1999).

Quadrant's first claim for injunctive relief under the UCL relies on a violation of the FCRA.  Compl. ¶¶ 6-22.  The FCRA requires credit reporting agencies to adopt reasonable procedures relating to the collection, communication, and use of consumer credit information to ensure fair and accurate credit reporting.  15 U.S.C. § 1681e.  Although private litigants may maintain a claim for damages under the FCRA, only the Federal Trade Commission ("FTC") is empowered by statute to seek equitable relief.  See Washington v. CSC Credit Servs., 199 F.3d 263, 268 (5th Cir. 2000).  As such, this Court has uniformly concluded that a UCL claim for injunctive relief is preempted by the FCRA.  Howard v. Blue Ridge Bank, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005) ("Because the Court finds that plaintiff's § 17200 claim is preempted by the FCRA, he cannot obtain an injunction for this claim."); accord White v. E-Loan, Inc., 409 F. Supp. 2d 1183, 1187 n.6 (N.D. Cal. 2006); Hogan v. PMI Mortg. Ins. Co., No. C 05-3851 PJH, 2006 WL 1310461, at *10 (N.D. Cal., May 12, 2006); Yeagley v. Wells Fargo & Co., No. C 05-3403 CRB, 2006 WL 193257, at *2 (N.D. Cal. Jan. 23, 2006).

Plaintiff argues that LexisNexis' preemption argument is at odds with the Supreme Court's pronouncement in Califano v. Yamasaki, 442 U.S. 682 (1979) that, "absent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction."  Id. at 705.  Califano, however, addressed a materially different statute—the Social Security Act ("SSA").  Unlike the FCRA, which expressly places authority to seek injunctions in the FTC instead of

1   private parties, see 15 U.S.C. § 1681s(a), the SSA is silent on the issue of enforcement, see

2   Califano, 442 U.S. at 705.  Thus, Califano's recognition that a federal court has equitable

3   power to issue injunctions absent clear Congressional command is inapposite where, as

4   here, the statute at issue sets forth a detailed remedial scheme that permits private parties to

5   seek actual and punitive damages, but not injunctive relief—and vests the authority to seek

6   equitable relief in a specified agency.  See 15 U.S.C. §§ 1681n, 1681o.  The Court therefore

7   dismisses Quadrant's first claim for relief.

8       **B.   SECOND CLAIM FOR RELIEF**

9           **1.   Failure to Allege Harm**

10          A plaintiff bringing a UCL claim must demonstrate that he or she "suffered injury in

11  fact and has lost money or property as a result of the unfair competition."  Cal. Bus. & Prof.

12  Code § 17204.  A plaintiff suffers an injury in fact for purposes of standing under the UCL

13  when he or she has: (1) expended money due to the defendant's acts of unfair competition,

14  (2) lost money or property or (3) been denied money to which he or she has a cognizable

15  claim.  Hall v. Time Inc., 158 Cal.App.4th 847, 854-55 (2008).  The "injury in fact" and

16  "lost money or property" requirements of § 17204 may overlap.  See Troyk v. Farmers

17  Group, Inc., 171 Cal.App.4th 1305, 1348 (2009).  The "as a result of" language in § 17204

18  imposes a causation requirement.  See Rubio v. Capital One Bank, 613 F.3d 1195,

19  1204 (9th Cir. 2010) ("[the UCL] requires a 'causal connection' between [the defendant]'s

20  alleged UCL violation and her injury in fact"); Troyk, 171 Cal.App.4th at 1348 ("the phrase

21  'as a result of' connotes an element of causation (i.e., [plaintiff] lost money because of

22  [defendant]'s unfair competition").

23          LexisNexis contends that Quadrant has failed to allege any facts demonstrating an

24  injury in fact or the loss of money or property caused by its alleged misconduct.  The Court

25  agrees.  Quadrant's second claim under the UCL is completely devoid of any allegations of

26  injury or causation.[2]  Quadrant counters the Court should take into consideration the

27

28          [2] This infirmity also applies to Plaintiff's first claim under the UCL.

1   allegations of harm set forth in Paragraph 21, which is part of its first claim and is

2   incorporated by reference into its second claim.  Compl. ¶ 23; Pl.'s Opp'n at 14.  Paragraph

3   21 alleges that "[Quadrant] has suffered injury in fact and has lost money as a result of

4   [LexisNexis'] unfair competition in connection with InsurView®."  Id. ¶ 21.  This

5   conclusory allegation is insufficient to establish standing under the UCL.  The Supreme

6   Court has made clear that a plaintiff must provide "more than labels and conclusions, and a

7   formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S.

8   at 555.  In sum, the Court finds that Quadrant has failed to allege facts sufficient to

9   establish standing under the UCL.

10                     **2.      Failure to Allege Cognizable Statutory or Regulatory Violations**

11          As an alternative basis for dismissal, LexisNexis argues that Quadrant has failed to

12   allege cognizable violations of the GLBA, CIIPPA or California regulations promulgated

13   thereunder, to support its claim of unlawful business practices under the UCL.

14                              *a)      GLBA*

15          Enacted in 1999, the GLBA declared that it is "the policy of the Congress that each

16   <u>financial institution</u> has an affirmative and continuing obligation to respect the privacy of

17   its customers and to protect the security and confidentiality of those customers' <u>nonpublic</u>

18   <u>personal information</u>."  15 U.S.C. § 6801(a) (emphasis added).  To implement that

19   obligation, the GLBA requires appropriate federal entities to establish standards for the

20   specific financial institutions subject to the entities' jurisdiction to protect customer records

21   and information.  15 U.S.C. § 6801(b).

22          Quadrant has failed to allege a cognizable claim under the GLBA.  First, Quadrant

23   does not allege in its Complaint or claim in its opposition brief that LexisNexis is a

24   "financial institution."  On that basis alone, the GLBA is inapplicable to LexisNexis.  See

25   Am. Bar Ass'n v. F.T.C., 430 F.3d 457, 473 (D.C. Cir. 2005) (affirming summary

26   judgment on the ground that attorneys are not "financial institutions" subject to the GLBA).

27          Second, Quadrant has not alleged the disclosure of "nonpublic personal

28   information."  15 U.S.C. § 6801(a).  The GLBA defines "nonpublic personal information"

as "personally identifiable financial information—(i) provided by the consumer to a

financial institution; (ii) resulting from any transaction with the consumer or any service

performed for the consumer; or (iii) otherwise obtained by the financial institution."  Id.

§ 6809(4)(A) (emphasis added).  There are no allegations that the information allegedly

disclosed by LexisNexis satisfies these requirements.  To the contrary, the Complaint

merely alleges the disclosure of "aggregated" underwriting transactions.  Compl. ¶ 8.[3]

Accordingly, the Court concludes that Quadrant has not alleged a viable claim under the

UCL based on an underlying violation of the GLBA.

### b)    CIIPPA

The CIIPPA governs the collection, use and disclosure of personal information

gathered in connection with insurance transactions by insurance companies, agents or

insurance-support organizations.  See Cal. Ins. Code § 791.  In particular, California

Insurance Code § 791.13 prohibits an "insurance institution, agent, or insurance-support

organization" from disclosing "any personal or privileged information about an individual

collected or received in connection with an insurance transaction" unless specific

conditions are satisfied.

Quadrant has not alleged facts sufficient to establish that LexisNexis violated the

CIIPPA.  Specifically, Quadrant does not allege that LexisNexis is an "insurance

institution," "agent," or "insurance-support organization."  But even if it had, Quadrant has

alleged no facts demonstrating the disclosure of "personal or privileged information."  Cal.

Ins. Code § 791.13.  California Insurance Code § 791.02 defines both "personal

information" and "privileged information" as only involving "individually identifiable

information."  Cal. Ins. Code § 791.02(s) and (v).  As noted, Quadrant alleges only the

disclosure of "aggregated underwriting transaction results," as opposed to any individually

---

[3] Regulations promulgated pursuant to the GLBA provide that "Personally identifiable information does not include: … [¶] (B) Information that does not identify a consumer, such as aggregate information or blind data that does not contain personal identifiers such as account numbers, names, or addresses."  16 C.F.R. § 313.3(o)(2)(ii)(B).

identifiable information.  <u>See</u> Compl. ¶ 8.  Accordingly, the Court concludes that Quadrant has not alleged a viable claim under the UCL based on an underlying violation of the CIIPPA.

### c)      *Department of Insurance Privacy Regulations*

In accordance with the authority conferred by the CIIPPA and GLBA, the California Insurance Commissioner has promulgated various regulations to implement their respective provisions.  <u>See</u> 10 C.C.R. § 2689.1.[4]  "These regulations govern the treatment of nonpublic personal information about individuals who obtain or are claimants or beneficiaries of products or services primarily for personal, family, or household purposes."  <u>Id.</u> § 2689.2.

Quadrant generally alleges that LexisNexis violated California's privacy regulations, but fails to identify how or which particular regulation was allegedly violated. Nonetheless, it is readily apparent that the regulations are inapt under the circumstances presented.  As noted, the FTC, which is charged with enforcement of the GLBA, interprets "nonpublic personal information" to exclude aggregated information that does not identify a consumer.  <u>See</u> 16 C.F.R. § 313.3(o)(2)(ii)(B).  Similarly, as noted above, "nonpublic personal information" in the CIIPPA pertains to "individually identifiable information," which InsurView® is not alleged to provide.  Since the privacy regulations promulgated by the Department of Insurance do not reach the conduct at issue, Quadrant's UCL claim, to the extent it is predicated on the violation of such regulations, must fail.

### C.   LEAVE TO AMEND

Typically, a complaint dismissed under Rule 12(b)(6) is subject to leave to amend, unless further amendment would be futile.  <u>See</u> <u>Gardner v. Martino</u>, 563 F.3d 981, 990, 992 (9th Cir. 2009) (no abuse of discretion in denying leave to amend where the amendment would be futile).  In the instant case, amendment to Quadrant's first claim for injunctive

---

[4] This provision states:  "The Commissioner promulgates these regulations pursuant to the implied authority granted by California Insurance Code Sections 791 et seq. and 15 U.S.C. Sections 6801(b) and 6805(b) to implement California Insurance Code and Gramm-Leach-Bliley privacy provisions consistent with providing individuals the maximum privacy protections permitted by those laws."  10 C.C.R. § 2689.1.

1  relief under the UCL is futile because said claim is preempted by the FCRA.  With regard

2  to Quadrant's second claim, Quadrant does not respond substantively to LexisNexis'

3  contention that the Complaint fails to adequately allege a violation of the CIIPPA, GLBA

4  and/or the California Department of Insurance privacy regulations promulgated thereunder.

5  Pl.'s Opp'n at 16-17.  Instead, Quadrant now claims that LexisNexis misused its trade

6  secrets.  Id. at 16.  Since Quadrant has not alleged such a claim in its Complaint, it is not

7  properly before the Court.  See Schneider v. Calif. Dep't of Corrections, 151 F.3d 1194,

8  1197 n.1 (9th Cir.1998) ("'new' allegations contained in the [plaintiff]'s opposition motion,

9  however, are irrelevant for Rule 12(b)(6) purposes.").  The Court, however, will grant

10  Quadrant leave to amend such a claim, provided that Quadrant can do so consistent with

11  Federal Rule of Civil Procedure 11.

12  **IV.    CONCLUSION**

13      For the reasons set forth above,

14      IT IS HEREBY ORDERED THAT:

15  1.      LexisNexis' motion to dismiss is GRANTED.  Quadrant is granted leave to

16  amend to allege a claim under the UCL based on the misuse of trade secrets.  Quadrant

17  shall have fourteen (14) days from the date this Order is filed to file its First Amended

18  Complaint in accordance with the Court's ruling.

19  2.      The parties shall appear for a telephonic Case Management Conference on

20  September 19, 2012 at 3:00 p.m.  Prior to the date scheduled for the conference, the parties

21  shall meet and confer and prepare a joint Case Management Conference Statement which

22  complies with the Standing Order for All Judges of the Northern District of California and

23  the Standing Orders of this Court.  Plaintiff shall assume responsibility for filing the joint

24  statement no less than seven (7) days prior to the conference date.  Plaintiff's counsel is to

25  set up the conference call with all the parties on the line and call chambers at (510) 637-

26  3559.  NO PARTY SHALL CONTACT CHAMBERS DIRECTLY WITHOUT PRIOR

27  AUTHORIZATION OF THE COURT.

28  3.      This Order terminates Docket 11 and 22.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS SO ORDERED.

Dated:  July 31, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge